JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

17-cv-2239

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

17   2239

### I. (a) PLAINTIFFS
Andrew Addeo

### DEFENDANTS
Phiadelphia Firefighter and Paramedic Union Local 22 IAFF; and The City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
J. Stephen Woodside, Esquire, One Belmont Avenue, Ste. 324
Bala Cynwyd, PA 19004 (610) 278-2442

Attorneys (If Known)
Unknown

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Sect. 301 of Labor Management Relations Act; National Labor Relations Act. 29 U.S.C. 151 et seq.
Brief description of cause:
"hybrid claim"; breach of duty of fair representation; breach of collective bargaining agreement

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE N/A    DOCKET NUMBER N/A

DATE: 05/15/2017
SIGNATURE OF ATTORNEY OF RECORD: J. Stephen Woodside (Pa ID # 43811)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MAY 16 2017



17    2239

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1136 McKean Street, Philadelphia, PA 19148

Address of Defendant: 415 N. 5th Street, Philadelphia, PA 19123

Place of Accident, Incident or Transaction: Philadelphia County, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes___    No_X

Does this case involve multidistrict litigation possibilities?    Yes___    No_X
*RELATED CASE, IF ANY*:
Case Number: _____N/A_____    Judge _____N/A_____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes___  No_X
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
   action in this court?
   Yes___  No_X
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
   terminated action in this court?    Yes___    No_X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes___
No_X

---

CIVIL: (Place ü in ONE CATEGORY ONLY)
A. *Federal Question Cases*:
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. **X** Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    (Please specify) Title VII; ADA

B. *Diversity Jurisdiction Cases*:
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify)
7. Products Liability
8. Products Liability — Asbestos
9. All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)
I,_____J. Stephen Woodside_____, counsel of record do hereby certify:
  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs; Relief other than monetary damages is sought.

MAY 16 2017

**DATE:** ___May 15, 2017___       _____       ___43811___
                                                      J. Stephen Woodside, Attorney-at-Law      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** ___May 15, 2017___       _____       ___43811___
                                                      J. Stephen Woodside, Attorney-at-Law      Attorney I.D.#

CIV. 609 (6/08)




# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| ANDREW ADDEO | : CIVIL ACTION |
| v. | : |
| PHILADELPHIA FIREFIGHTER and | : |
| PARAMEDIC UNION LOCAL 22 OF IAFF | : |
| and The City of PHILADELPHIA | : NO. 17  2239 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. 2241 through 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration - Local Civ Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

| | | |
|---|---|---|
| May 15, 2017 | J. Stephen Woodside | _____ |
| Date | Attorney-at-law | Attorney for Plaintiff |
| 610-278-2442 | 610-278-2644 | jstephenwoodside@verizon.net |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

MAY 16 2017





UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW ADDEO | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | 17   2239 |
| PHILADELPHIA FIREFIGHTER AND PARAMEDIC UNION: LOCAL 22 OF THE INTERNATIONAL ASSOCIATION OF FIRE FIREFIGHTERS | |
| and | |
| CITY OF PHILADELPHIA | |
| Defendants. | |



## COMPLAINT - CIVIL ACTION

1. Plaintiff, Andrew Addeo is an adult individual residing at 1136 McKean Street Philadelphia, PA 19148.

2. Defendant, City of Philadelphia is a municipality of the first class, having at all times relevant a place of business at One Parkway Building, 1515 Arch Street, 16th Floor, Philadelphia, PA 19102.

3. Defendant, the Philadelphia Firefighter and Paramedic Union, Local 22 of the International Association of Firefighters ("IAFF Local 22") is a labor organization established pursuant to §301 of the Labor Management Relations Act, and having a place of business at 415 N. 5th Street, Philadelphia, PA 19123.

4. At all times relevant and material, IAFF Local 22 was the exclusive labor bargaining unit for firefighters (and paramedics) employed by the City of Philadelphia pursuant

1

to a collective bargaining agreement between the City and IAFF Local 22 governing the terms and conditions of plaintiff's employment as a firefighter including discipline, grievance and arbitration of matters arising in the course of plaintiff's employment ("bargaining agreement").[1]

## JURISDICTION AND VENUE

5. Jurisdiction over the claim that the IAFF Local 22 breached its duty of fair representation is conferred upon this court under the National Labor Relations Act, 29 U.S.C. §§151-169; 28 U.S.C. §§1331, 1337(a).

6. Jurisdiction over the claim that the City of Philadelphia breached the collective bargaining agreement between the City and the IAFF Local 22 is conferred upon this court under §301 of the Labor Management Relations Act, 29 U.S.C. §185(a); 28 U.S.C. §§1331, 1337(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c).

## FACTUAL BACKGROUND

8. Plaintiff, Andrew Addeo entered the Philadelphia Fire Academy on December 8, 2003, completed his training and was fully commissioned as a firefighter with the Philadelphia Fire Department ("Department") four months later.

9. Plaintiff was assigned to Engine 8, 4th and Arch Streets, Philadelphia, were he worked as a firefighter for the next three and a half years.

10. In about May, 2007, plaintiff requested and was granted transfer to Engine 45 in Northeast Philadelphia, were he worked as a firefighter for approximately one year.

11. In about May, 2008, plaintiff requested a transfer back to Engine 8, where he

---

[1] The bargaining unit contract is the January 9, 2015 Interest Arbitration Award between the City and IAFF Local 22, AAA Case no. 14-360-L-00249-13, as amended from time to time. Plaintiff is an employee exempt from the Public Employe Relations Act, 43, P.S. 1101.301 (PERA).

2

worked as a firefighter until January, 2009 when that station was shuttered as part of a Department-wide budgetary reduction in force ordered by the Mayor of Philadelphia.

12. In January, 2009, Plaintiff was assigned to Engine 3, Moyamensing and Washington Avenues, Philadelphia, where he worked as a firefighter for the next approximately six years.

13. On August 8, 2012, plaintiff while off duty was charged with driving under the influence (DUI) in Philadelphia County. Plaintiff was sentenced with participation in ARD, paid all fines and costs and completed the ARD program.

14. Plaintiff was disciplined under applicable directives of the Department for the DUI, with a 160 hour suspension in duty (August 2012) and a 30 day reduction in pay (January 2013).

15. Plaintiff received no further evaluation, treatment or assistance through the Department and/or the Employee Assistance Program (EAP), although he should have. Plaintiff was instructed to watch a couple of hours of VCR tapes from the 1980s.

16. Department protocol requires firefighters to report for alcohol monitoring and counseling, including urine testing, for up to an 18 month period after a DUI, which in the case of plaintiff was not followed or even suggested.

17. In February, 2015, plaintiff requested and was granted transfer to Engine 57, 56th and Chestnut Streets, Philadelphia, where he worked as a firefighter up through his termination of employment as more fully described below.

18. On March 8, 2015, plaintiff while off duty received a second DUI while driving in Bucks County. Plaintiff was arrested, released from jail in a matter of hours, and received a date to appear in court and enter a plea.

19. Plaintiff, represented by counsel, pleaded not guilty at the May, 2015 preliminary hearing in Bucks County. Plaintiff, representing himself, was tried and convicted of the DUI on September 15, 2015, and ordered to report for incarceration within 24 hours.

20. The day before incarceration, plaintiff contacted Ed Marks, an official at Local 22, and reported his conviction and requested a grievance be prepared and filed within the required seven (7) day period under the bargaining agreement.

21. On September 18, 2015 the Department gave notice of departmental disciplinary action to Andrew Thomas, Local 22 President, regarding plaintiff's DUI. The disciplinary action was a 30 day suspension with intent to dismiss.

22. Local 22 representatives timely filed plaintiff's Step 1 grievance (no. 2015-27) on September 23, 2015. The City of Philadelphia Personnel Department terminated plaintiff's employment five days later, on September 28, 2015.

23. Plaintiff was released from incarceration in Bucks County for the DUI on December 15, 2015. While plaintiff was incarcerated, the grievance process was at a standstill.

24. The grievance sought rescission of plaintiff's dismissal, reinstatement of employment as a firefighter, and that he be made whole for all losses including pay and benefits.

25. While plaintiff was incarcerated, at the request of Local 22, Office of Labor Relations representatives at the City of Philadelphia held plaintiff's grievance, now at Step 2, open and in "abeyance".

26. The Step 2 process required notice and appearance by Local 22 representatives, with counsel and plaintiff present, before the City's Labor Relations officer.

27. As of March 8, 2016, Labor Relations notified Local 22 representatives including President, Andy Thomas, that plaintiff's Step 2 grievance had not been heard or even scheduled,

4

and Labor Relations reserved March 23, 2016 as a hearing date for plaintiff's grievance.

28. On March 10, 2016, Local 22 representative (including President Andy Thomas) notified Labor Relations plaintiff's grievance would not proceed in March, 2016 and that Local 22 would "hold his hearing in abeyance for a later date."

29. In early April, 2016, Local 22 representatives appeared at Labor Relations to proceed on plaintiff's step 2 grievance, and Labor Relations and special investigations officer both announced they would not proceed with the grievance that day, and a new date was not set.

30. On April 25, 2016, while plaintiff's grievance was still in abeyance, Local 22 president Andy Thomas notified Local 22 executive board he decided to "cancel" plaintiff's grievance hearing in April, 2016, stating no reason.

31. The same day, Karen Boyle (with a copy to Andy Thomas at Local 22), notified Labor Relations that Local 22 was cancelling plaintiff's Step 2 grievance to be heard in April, 2016, even though plaintiff and IAFF Local 22 representatives fully expected to proceed.

32. Throughout the remainder of 2016, plaintiff's Step 2 grievance remained open and held in abeyance by Local 22 and, upon information and belief, Labor Relations was so notified.

33. IAFF Local 22 from time to time would postpone and re-schedule firefighters' grievance hearings for administrative reasons having to do with processing, claimant and witness and attorney availability, and scheduling issues by both the City and IAFF Local 22.

34. In late December, 2016, plaintiff called Local 22 to discuss the grievance, it was reported to plaintiff that President Andy Thomas of IAFF Local 22 had determined not to pursue the grievance and the City acquiesced. No reasons were given.

35. Plaintiff inquired of the exact status of the grievance in early January, 2017, and IAFF Local 22 reported that Andy Thomas at some unknown date made a decision to "scuttle"

plaintiff's grievance and "drop it".

36. Either before or after Andy Thomas made a decision to "scuttle" plaintiff's grievance, plaintiff was provided nothing in writing from Local 22 or Andy Thomas, or the City of Philadelphia Labor Relations about the status of his grievance.

37. Until plaintiff made an inquiry, Andy Thomas and IAFF Local 22 and Labor Relations took no steps to provide plaintiff any notice of any kind that the Local 22 or the City of Philadelphia would proceed no further with the grievance.

38. IAFF Local 22 never withdrew plaintiff's grievance, or initiated the mandatory process to do so. To date, to plaintiff's knowledge, the grievance remains in "abeyance", exactly as IAFF Local 22 and the City had labeled it in 2016.

39. Plaintiff, at all times relevant, attempted to exhaust the mandatory grievance process under the collective bargaining agreement, to no avail, and plaintiff has no intra-contractual recourse.

40. Despite plaintiff's efforts in good faith to exhaust the grievance process, the City of Philadelphia jointly and/or severally with IAFF Local 22 repudiated plaintiff's contractual remedies and collective bargaining rights exclusive to the bargaining agreement.

41. Despite plaintiff's efforts in good faith to exhaust the grievance process and complete the mandatory Step 2 process, IAFF Local 22 arbitrarily failed to administer or process the grievance and complete the grievance procedure.

### COUNT I
v.
IAFF Local 22 and City of Philadelphia
Hybrid §301/duty of fair representation action

42. Plaintiff incorporates herein by reference paragraphs 1 through 41, inclusive, as

though the same were more fully set forth at length.

43. Under the collective bargaining agreement, IAFF Local 22 has a duty to act and represent plaintiff in all matters covered under the bargaining agreement competently, honestly, fairly and in good faith, in a non-arbitrary and non-capricious manner.

44. Under the collective bargaining agreement, the City of Philadelphia has a duty to act and respond concurrently with IAFF Local 22's duty, and to abide by and not violate the terms of the collective bargaining agreement.

45. The duty of fair representation is linked to IAFF Local 22's status as plaintiff's exclusive bargaining representative in the collective bargaining process and in the administration of plaintiff's rights under the bargaining agreement.

46. The duty and obligation of the City of Philadelphia towards plaintiff's employment is linked to plaintiff's status and rights under the collective bargaining agreement, and is concurrent with the acts, conduct and omissions of IAFF Local 22 as to plaintiff under the agreement.

47. The duty and obligation of the City of Philadelphia towards plaintiff's employment arises under directives, policies, terms and conditions that can only be adjudicated under the collective bargaining agreement with IAFF Local 22.

48. Such duties and obligations of the City of Philadelphia and IAFF Local 22 as to plaintiff's employment, the bargaining agreement, and the directives and policies governing plaintiff's employment with the City are not mutually exclusive under the bargaining agreement.

49. IAFF Local 22, through one or more acts and/or omissions and failures as

7

aforesaid jointly and severally in concert with the City of Philadelphia and its Office of Labor Relations, acted towards plaintiff in an arbitrary, perfunctory and capricious manner, in bad faith by intentionally:

    a. failing and refusing to process plaintiff's step 2 grievance after determining to process the grievance at step 2;

    b. failing and refusing to schedule, re-schedule and process through to conclusion plaintiff's step 2 grievance, after determining to process the grievance at step 2;

    c. failing and refusing to provide plaintiff with any notice of decision or status on his step 2 grievance after it had been timely filed and scheduled for hearing;

    d. failing and refusing to communicate with plaintiff in any manner concerning any aspect or status of his step 2 grievance;

    e. failing and refusing to represent plaintiff in the grievance process under the collective bargaining agreement;

    f. failing and refusing to preserve, process and protect plaintiff's rights in the grievance process under the collective bargaining agreement;

    g. failing and refusing to preserve, process and protect plaintiff's rights in his employment under the collective bargaining agreement;

    h. intentionally deciding at some point in time to "scuttle" plaintiff's grievance and hide this arbitrary and capricious decision from plaintiff even after he inquired of the status of his grievance;

    i. intentionally "scuttling" his grievance without providing plaintiff a

scintilla of explanation, where IAFF Local 22 has a policy to pursue all terminations through to arbitration;

      j.    by failing to process the grievance through step 2 as aforesaid, terminating any right, decision, demand or privilege of plaintiff to due process, notice and opportunity to be heard and receive fair adjudication of the charges against him under the collective bargaining agreement;

      k.    violating the covenants and provisions, and duties owed, plaintiff under a mutuality of obligation, under the bargaining unit agreement;

      l.    by the intentional refusals and failures under subparts (a) through (k) above, terminating plaintiff's rights, privileges and property interest in his employment protected under the collective bargaining agreement;

      m.    by the intentional refusals and failures under subparts (a) through (l) above, terminating plaintiff's rights, privileges and property interest in his employment with the City of Philadelphia;

      n.    by the intentional refusals and failures under subparts (a) through (m) above, causing a permanent, unjustified termination of his employment as a firefighter with the City of Philadelphia, destroying his career and blemishing his personal record.

49.    As a direct and proximate result of the foregoing, IAFF Local 22 acting as aforesaid breached its direct and/or implied duties owed plaintiff pursuant to the National Labor Relations Act, 29 U.S.C. §§151-169 ("NLRA").

50.    As a direct and proximate result of the foregoing, the City of Philadelphia acting

as aforesaid breached its direct and/or implied duties owed plaintiff in his employment under §301 of the Labor Management Relations Act, 29 U.S.C. §185(a).

51. As a direct and proximate result of the foregoing, plaintiff suffered harm and damages.

52. The IAFF Local 22 and the City of Philadelphia, acting as aforesaid, engaged in such improper and unlawful acts, conduct, failures and omissions intentionally and with malice and/or reckless indifference to the federally protected rights of plaintiff.

WHEREFORE, plaintiff, Andrew Addeo demands judgment in his favor and against the Philadelphia Firefighter and Paramedic Union, Local 22 of the International Association of Firefighters and the City of Philadelphia, jointly and severally, for monetary damages, compensatory damages (including all back pay, wages and/or wage differential), incidental and consequential damages, prejudgment interest, liquidated damages, exemplary and/or punitive damages, injunctive relief and/or affirmative relief as determined by the court necessary to effect the purposes and remedies available under applicable laws, attorneys' fees and costs, and for such other relief as the court deems just.

/s/ J. Stephen Woodside
J. Stephen Woodside
Attorney for plaintiff

J. STEPHEN WOODSIDE, P.C.
One Belmont Avenue
GSB Building - Suite 324
Bala Cynwyd, PA 19004
610-278-2442
610-278-2644 (fax)
jstephenwoodside@verizon.net

Dated: May 15, 2017

10